UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KURT ST. ANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:19-cv-2754-JMS-DLP |
| ) | |
| WILLIAM P. BARR, CURTIS T. HILL, JR., ) | |
| MARK SMOSNA, RYAN MEARS, ) | |
| BRYAN K. ROACH, and ) | |
| KERRY J. FORESTALL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 5, 2019, *pro se* Plaintiff Kurt St. Angelo filed a Complaint against the United States of America ("Government") and the State of Indiana ("State"), challenging the validity of various state and federal statutes related to the regulation of controlled substances. All of the Defendants in this case have moved to dismiss Mr. St. Angelo's claims, and those Motions to Dismiss are ripe for the Court's review.

### I.
#### BACKGROUND

Mr. St. Angelo originally filed a Complaint against the Government and the State. [Filing No. 1.] The State responded to the Complaint by filing a Motion to Dismiss for lack of jurisdiction and for failure to state a claim. [Filing No. 15.] In response, Mr. St. Angelo filed a Motion to Dismiss Counts #8-10 of his Complaint, [Filing No. 18], and a Motion to Join the Indiana Attorney General and the United States Attorney General as defendants, [Filing No. 20]. Mr. St. Angelo later filed a Motion to Amend his Complaint, [Filing No. 30], and a Motion to Join Four Additional Defendants: Bryan Mears (Marion County Prosecutor), Kerry J. Forestal (Marion County Sheriff),

1

Bryan K. Roach (Indianapolis Metropolitan Police Department Chief), and Mark Smosna (President of the Indiana Board of Pharmacy), in their official capacities, [Filing No. 32]. On October 24, 2019, the Government filed a Motion to Dismiss for lack of jurisdiction and for failure to state a claim. [Filing No. 33.] The Court granted Mr. St. Angelo's Motion to Amend his Complaint, [Filing No. 37], and denied as moot his Motion to Add Four Additional Defendants, [Filing No. 38]. Mr. St. Angelo's Amended Complaint is brought against the following Defendants: William P. Barr, Curtis T. Hill, Jr., Mark Smosna, Ryan Mears, Ryan K. Roach, and Kerry J. Forestal. [Filing No. 37 at 1.]

On November 12, 2019, the Court filed an Entry acknowledging that Mr. St. Angelo filed an Amended Complaint while the State's and the Government's Motions to Dismiss were still pending. [Filing No. 39 at 2.] The Court gave the State and the Government until November 20, 2019 to indicate whether they wished to supplement their briefing in support of their Motions to Dismiss or whether they would like the Court to treat their Motions to Dismiss as challenging the Amended Complaint. [Filing No. 39 at 2.] The Government responded by requesting that the Court treat its Motion to Dismiss, [Filing No. 33], as challenging the Amended Complaint. [Filing No. 42.] The State responded by requesting permission to supplement its briefing in support of its Motion to Dismiss, [Filing No. 46], and filing a supplemental Motion to Dismiss Plaintiff's First Amended Complaint, [Filing No. 47]. While those motions were pending, Mr. Mears and Mr. Smosna filed a Motion to Dismiss Plaintiff's First Amended Complaint, [Filing No. 65], and Sheriff Forestal and Chief Roach filed a Motion to Dismiss [Filing No. 71].

Currently pending before the Court are Mr. St. Angelo's Motion to Dismiss Counts #8-10 of his Complaint filed on July 5, 2019, [Filing No. 18], the State's Motion to Dismiss, [Filing No. 15], the Government's Motion to Dismiss, [Filing No. 33], the State's Supplemental Motion to

Dismiss, [Filing No. 47], Mr. Mears and Mr. Smosna's Motion to Dismiss, [Filing No. 65], and Sheriff Forestal and Chief Roach's Motion to Dismiss, [Filing No. 71]. These motions are ripe for the Court's review. Although the State of Indiana and the United States are no longer named defendants in the lawsuit, their Motions to Dismiss still require a ruling because Mr. St. Angelo is now suing the Indiana Attorney General and the United States Attorney General in their official capacities. [Filing No. 37 at 2.]

The Court will first address Mr. St. Angelo's Motion to Dismiss Counts #8-10, then will analyze the Motions to Dismiss filed by Defendants.

**II.**
**PLAINTIFF'S MOTION TO DISMISS COUNTS #8-10**

Counts 8 through 10 of Mr. St. Angelo's original Complaint were:

- Count #8 – Damages for Conspiracy, Neglect and Deprivation of Rights Due to Legislative Fraud;

- Count #9 – Conspiracy, Neglect and Deprivation of Rights Due to Express Legislative Defamation; and,

- Count #10 - Conspiracy, Neglect and Deprivation of Rights Due to Fraud or Gross Negligence Upon the Courts.

[Filing No. 1 at 42-57.] All three counts were brought against the State of Indiana and the United States. [Filing No. 1 at 1.]

On October 31, 2019, the Court granted Mr. St. Angelo's Motion to Amend his Complaint, and his Amended Complaint became the operative pleading on the same day. [Filing No. 36; Filing No. 37.] The operative Amended Complaint does not include the claims formerly raised as Counts 8 through 10, listed above. Therefore, Mr. St. Angelo's request to dismiss Counts #8-10 of his original Complaint has been resolved, and his Motion to Dismiss Counts #8-10, [Filing No. 18], is **DENIED AS MOOT**.

# III.
## DEFENDANTS' MOTIONS TO DISMISS

**A. Legal Standards**

*1. 12(b)(1) Motions*

Federal Rule of Civil Procedure 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is to test the sufficiency of the complaint, not to decide the merits of the case. Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction. Jurisdiction is the "power to decide," *Boley v. Colvin*, 761 F.3d 803, 805 (7th Cir. 2014), and federal courts may only decide claims that fall within both a statutory grant of authority and the Constitution's limits on the judiciary. *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).

Although a court deciding a Rule 12(b)(1) motion may accept the truth of the allegations in the complaint, it should look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Ciarpaglini v. Norwood*, 817 F.3d 541, 543 (7th Cir. 2016). The party asserting the existence of subject matter jurisdiction bears the burden of demonstrating by competent proof that such jurisdiction in fact exists. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). A Rule 12(b)(1) motion may be raised at any time, by either party or by the Court *sua sponte*. See Fed. R. Civ. P. 12(h).

*2. 12(b)(6) Motions*

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93

4

(2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Amended Complaint Allegations

In this case, Mr. St. Angelo is challenging various statutes that regulate controlled substances. It is his position that those state and federal statutes are invalid. In his Amended Complaint, Mr. St. Angelo asserts the following claims:

- Count #1 – Indiana's Delegated Arrest Authority Over Controlled Substances is Unconstitutional;

- Count #2 – Indiana's Penalty Statutes at I.C. § 35-48-Chapter 4 Are Ineffectual, Unenforceable, and False;

- Count #3 – Indiana's Penalty Statutes at I.C. § 35-48-Chapter 4 Are Unconstitutional;

5

- Count #4 – U.S. Drug Prohibitions Are Inapplicable in Indiana and Are Applicable Only in the Federal Areas;

- Count #5 – Plaintiff Has a Natural Right in Indiana to Cultivate Marijuana for His Own Use;

- Count #6 – Plaintiff Has a Legal Right to Possess Drugs in the Federal Areas, Including on Ships and Aircraft; and,

- Count #7 – The Judicial Use Within Indiana of the Police Power of Prohibition Against Drug Possession and Interstate Drug Commerce Deprives Plaintiff and Other U.S. Citizens of Their Natural Right to a Republican Form of Government.

[Filing No. 37 at 1-2.]

Mr. St. Angelo asserts that the cited statutes are unconstitutional when read in conjunction with each other because: (1) they delegate arrest authority "over subject matter that is not criminal and that is not subject to arrest," [Filing No. 37 at 9]; (2) "only *malum in se* behavior constitutes a crime or criminal case within Indiana under the U.S. and Indiana constitutions," [Filing No. 37 at 10]; (3) people have a "natural right" to possess controlled substances, [Filing No. 37 at 10]; and, (4) dealing controlled substances without Indiana or U.S. administrative permissions is a regulatory violation, not a criminal matter that makes a person subject to arrest, [Filing No. 37 at 10]. Mr. St. Angelo alleges that end users of controlled substances—whom he calls "ultimate users"—"may 'lawfully possess' these drugs for their own use and use of their households." [Filing No. 37 at 11.] He also asserts that dealing drugs is an activity that is "subject to the police power of regulation, and is not subject to arrest under the police power of prohibition." [Filing No. 37 at 11-12.] Mr. St. Angelo argues that drug dealers have rights to administrative due process. [Filing No. 37 at 13.] Mr. St. Angelo contends that "all persons who manufacture, distribute or dispense controlled substances within Indiana are regulated by the Drug Enforcement Administration and the Indiana Board of Pharmacy." [Filing No. 37 at 24.] He seeks declaratory and injunctive relief, [Filing No. 37 at 1], including the "release from custody [of] all people

incarcerated as the result of these unconstitutional provisions or unlawful enforcement" and "the expunging of the pertinent arrest and criminal records of victims of false arrest." [Filing No. 37 at 20.]

**C. Discussion**

Because the Defendants' Motions to Dismiss contain the same or similar arguments, they will be discussed together.

Defendants argue that Mr. St. Angelo's "idiosyncratic" reading of the Controlled Substances Act ("Act") is wrong, [Filing No. 34 at 1], and that the Act and binding precedent make clear that possession of controlled substances, even for personal use, is unlawful, [Filing No. 34 at 3]. Defendants argue that there is no individual right to possess marijuana or other illegal drugs, and this fact has been confirmed by the United States Supreme Court in *Gonzales*, 545 U.S. 1 (2005). [Filing No. 34 at 4; Filing No. 70 at 2-3.] But more importantly, Defendants argue, Mr. St. Angelo lacks standing to sue because he has failed to show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." [Filing No. 16 at 4-5 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); Filing No. 34 at 4; Filing No. 25 at 4; Filing No. 66 at 4; Filing No. 72 at 2-5.] Defendants argue that because there is no fundamental right to grow, use, or access marijuana, there is no legally protected right that is being infringed here. [Filing No. 16 at 5.] Further, Defendants argue, Mr. St. Angelo has not suffered an injury-in-fact because his grievance is merely that he believes the federal and state governments have violated individuals' rights by arresting and incarcerating them for drug crimes. [Filing No. 34 at 9.] Defendants point out that Mr. St. Angelo does not claim that he has ever been arrested for his drug use, and therefore, his injury is hypothetical. [Filing No. 34 at 10.] Defendants also argue that Mr. St. Angelo does not

7

have standing to sue on behalf of third-party "drug dealers," because "a person . . . may not challenge [a] statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court." [Filing No. 16 at 5-6 (quoting *Ind. Voluntary Firemen's Ass'n, Inc. v. Pearson*, 700 F. Supp. 421, 428 (S.D. Ind. 1988) (citation omitted); Filing No. 66 at 6.] Defendants argue that the standard for third-party standing has not been met here because: (1) Mr. St. Angelo has not suffered an injury in fact; (2) he does not have a close relationship with the third-parties; and, (3) there is no reason that those third-parties would not be able to protect their own interests. [Filing No. 34 at 12; Filing No. 72 at 8.]

In response, Mr. St. Angelo argues that he has standing to sue because he "has been falsely searched for drugs on at least three occasions without his consent," and he "has spent tens of thousands of dollars for marijuana, from disreputable merchants, occasionally in dangerous circumstances that would not have occurred but for false enforcement" of the drug laws. [Filing No. 19 at 8-9.] Additionally, he argues, he "is always under threat of arrest and prosecution under I.C. § 35-48-4-11," which prohibits the possession of marijuana. [Filing No. 19 at 9.] He argues that he has standing to sue the Indiana Attorney General for declaratory relief because his arrest is imminent each time he possesses or uses drugs. [Filing No. 58 at 7.] To attempt to show that this threat is imminent, Mr. St. Angelo cites a few "near misses" he has experienced where he "narrowly escaped being discovered" having marijuana in his possession. [Filing No. 19 at 9.] He also contends that he has standing for declaratory and injunctive relief because he "is 'actually threatened' with arrest and prosecution." [Filing No. 69 at 22.] He alleges that Mr. Mears "has made a written threat that [Mr. St. Angelo], if caught exercising his constitutional rights to possess 30 grams or more of marijuana, will be arrested and prosecuted in Marion County, Indiana." [Filing No. 69 at 21 (citing Filing No. 48-1).] He also alleges that Sheriff Forestal and Chief Roach

8

have "publicly threatened to arrest [him] for possession of any quantity of marijuana." [Filing No. 69 at 21.] Mr. St. Angelo argues that these "open, notorious, and ubiquitously-enforced threats of arrest" meet the injury-in-fact requirement for standing. [Filing No. 69 at 22.] He compares himself to the plaintiff in *Steffel v. Thompson*, 415 U.S. 452 (1974), who was threatened with arrest for passing out handbills at a mall in protest of the Vietnam war, and who the Supreme Court found had standing. [Filing No. 19 at 10.] Mr. St. Angelo argues that he does not need to first be arrested to be able "to challenge a statute that he claims deters the exercise of his constitutional right." [Filing No. 19 at 11 (quoting *Steffel*, 415 U.S. at 459).] Mr. St. Angelo states that if the Court does not believe he currently has standing, then he will register to be a marijuana grower and then he will have standing as a drug dealer who is subject to regulation. [Filing No. 19 at 18.] He argues that the Defendants have failed to offer any "constitutional, statutory or case law authority for arresting people for property possession or commerce, and they offer no statutes which declare drug possession and dealing to be unlawful or prohibited, which are the operative words needed to criminalize behavior." [Filing No. 74 at 2.] Regarding third-party standing, Mr. St. Angelo claims that he is "literally these drug users' only hope of representation because of the malpractice in America's defense bar. He is his class of drug users' best and only advocate." [Filing No. 19 at 13.] He argues that he has standing to sue on behalf of these third parties because he "is the only person (other than his few students) who seems to know what the rights of drug dealers are," and his "unique knowledge" makes him a good representative for them. [Filing No. 19 at 16.] Mr. St. Angelo also argues that if the Court grants him the relief he requests, this grant of relief must necessarily extend to others similarly situated because, otherwise, it would be "private justice." [Filing No. 19 at 15.] Mr. St. Angelo also asks the Court to *sua sponte* certify drug dealers as a class and appoint attorneys to represent the "commercial interests of drug dealers who have been

9

victimized by the wrongful practices of Defendants and their predecessors." [Filing No. 69 at 26; Filing No. 19 at 17.] Finally, Mr. St. Angelo argues that this Court has discretion to choose not to dismiss this case and instead review the merits. [Filing No. 19 at 18.]

In reply, Defendants argue that even if the threat of arrest was imminent, an injury-in-fact only exists if the plaintiff was "engag[ing] in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and Mr. St. Angelo does not have any constitutional interest in using illegal drugs. [Filing No. 34 at 11 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)) (quotation marks and citation omitted)).] Defendants aruge Mr. St. Angelo is different than the plaintiff in *Steffel* because, there, the plaintiff's First Amendment rights were at issue. [Filing No. 34 at 11.] Here, on the other hand, Mr. St. Angelo does not have a constitutional right to use or possess illegal drugs. [Filing No. 34 at 11.] Mr. Mears also contests Mr. St. Angelo's assertion that Mr. Mears threatened him, clarifying that what Mr. St. Angelo characterizes as a "threat" directed at him was simply a memorandum to Marion County Deputy Prosecutors advising that, effective immediately, the office will be declining to prosecute possession of marijuana cases in certain instances. [Filing No. 70 at 2; *see* Filing No. 48-1.] Defendants further argue that Mr. St. Angelo's "near misses" do not show that he faces "a credible threat of prosecution" that is "sufficiently imminent." [Filing No. 34 at 10 (quoting *Susan B. Anthony List*, 573 U.S. at 158-159).] Defendants contrast the case here with the *Steffel* case by noting that, in *Steffel*, the plaintiff's arrest was actually imminent because he was personally told by police that he would be arrested if he did not stop passing out the handbills, and his companion actually was arrested. [Filing No. 34 at 11.] Defendants also contrast Mr. St. Angelo with the plaintiffs in *Gonzales v. Raich*, 545 U.S. 1 (2005), who had property (cannabis plants) seized and destroyed by federal agents. [Filing No. 67 at 3.] Defendants argue that Mr. St. Angelo has not
10

identified an instance when police actually threatened him with arrest or confiscated marijuana that was in his possession, nor has he stated that he has a medical need for marijuana use. [Filing No. 67 at 3.] Therefore, they argue, he lacks standing and his lawsuit must be dismissed.

In addition to the arguments regarding lack of standing, Defendants also contend that Mr. St. Angelo cannot show that he is entitled to the declaratory and injunctive relief he is seeking, and that his claims against the State and state officials are barred by the immunity provided under the Eleventh Amendment.

Before the Court can address the merits of Mr. St. Angelo's claims, it must first confirm that it has the jurisdiction to do so. Therefore, the Court will first address the threshold jurisdictional question of whether Mr. St. Angelo has standing to sue, because "[s]tanding to sue is part of the common understanding of what it takes to make a justiciable case." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

Article III of the Constitution grants federal courts jurisdiction over "cases and controversies," and the standing doctrine is the tool used to identify which cases and controversies the federal judicial process can appropriately resolve. *Whitmore*, 495 U.S. at 154-55. Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (internal citations omitted); *see Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013) ("[I]t is not enough that the party invoking the power of the court have a keen interest in the issue. That party must also

have 'standing' which requires, among other things, that it have suffered a concrete and particularized injury."). The particularized injury must be "a personal and tangible harm," and not just a "generalized grievance." *Hollingsworth*, 570 U.S. at 704, 706. The Supreme Court has explained that

> [a] litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Id.* at 706.

A district court in the Seventh Circuit dealt with the issue of generalized grievances in *Johnson v. U.S. Office of Pers. Mgmt.*, 2014 WL 12649836 (E.D. Wis. July 21, 2014), *aff'd*, 783 F.3d 655 (7th Cir. 2015). In that case, the plaintiffs—a Senator and his legislative counsel—filed a lawsuit seeking to enjoin the U.S. Office of Personnel Management and its director "from enforcing and implementing a regulation promulgated by [the Office] related to the [Affordable Care Act ("ACA")] on the grounds [that the regulation] is inconsistent with the ACA," that the Office acted "in excess of its authority," and that the regulation violated the Equal Protection Clause. *Id.* at *5. The district court found that the plaintiffs lacked Article III standing, stating,

> although Plaintiffs *believe* the regulation is unlawful, such a belief cannot be enough to create standing because that would open the door to any uninjured party who had a generalized grievance with a government regulation. Under such an approach, there would be no principled limit on standing because a plaintiff need only allege a belief that the challenged regulation is illegal.

*Id.*

The *Johnson* court cited the case of *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982), where the Supreme Court similarly found that a plaintiff lacked standing and the Court stated, "Although respondents claim that the

Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees." *See Hollingsworth*, 570 U.S. at 707 ("Article III standing is not to be placed in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests.") (internal quotation omitted).

The *Johnson* Court summarized this principle as follows: "In short, one's personal belief that a regulation is unlawful is not itself an 'injury' sufficient to confer standing." *Id.* That issue is what is presented here because Mr. St. Angelo only alleges that the statute is unconstitutional, and he has not made any allegations regarding: (1) how he has been actually injured by the statute; (2) how the injury can be fairly traced to the conduct of the Defendants; or (3) that the injury is likely to be redressed by a favorable decision from this Court. *See Spokeo*, 136 S. Ct. at 1547. His alleged injuries are hypothetical and, therefore, cannot form the basis for Article III standing.

Here, Mr. St. Angelo does not set forth sufficient allegations regarding how he has actually suffered an injury because of the allegedly unconstitutional statutes. Instead, he states generally that the statutes are "ineffectual," "unenforceable," "false," "inapplicable," and "unconstitutional," and that he and other United States citizens are being deprived of their rights to cultivate marijuana for their own use, possess drugs, and have "a republican form of government." [Filing No. 37 at 2.] This is the type of "generalized grievance" that *Hollingsworth* and other cases have determined is insufficient to constitute a particularized injury for the purpose of Article III standing.

Moreover, even if Mr. St. Angelo did experience an injury that was imminent, such injury would not create Article III standing because arrest and prosecution for drug crimes are not "invasion[s] of a legally protected interest." *Lujan*, 504 U.S. at 560; *see generally Steffel*, 415 U.S.

13

at 455 (where the plaintiff's First Amendment rights were at issue when he was threatened with arrest for "distributing handbills protesting American involvement in Vietnam" on a sidewalk); *see also* Gonzales, 545 U.S. at 14 (where the Supreme Court acknowledged that "the manufacture, distribution, or possession of marijuana [is] a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study").

To the extent that Mr. St. Angelo attempts to bring this claim on behalf of others who were allegedly injured by the relevant statutes, that is not permissible because a *pro se* plaintiff cannot bring lawsuits on behalf of anyone except himself. *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). Further, he cannot invoke third-party standing because: (1) he has not suffered an injury in fact; (2) there is no evidence that he has a close relationship to the other drug dealers and users; and, (3) there is no evidence that there is a "hinderance to the third part[ies'] ability to protect [their] own interest[s]." *Marin-Garia v. Holder*, 647 F.3d 666, 670 (7th Cir. 2011).

Mr. St. Angelo lacks standing and, therefore, his Amended Complaint must be dismissed because this Court does not have the power to entertain his suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Accordingly, the Motions to Dismiss are **GRANTED**.[1] Dismissal of complaints for lack of standing is usually without prejudice. *See Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011) ("Generally, when a complaint is dismissed because it is not ripe (or because the plaintiffs lack standing, for that matter) it is dismissed without prejudice unless it appears beyond a doubt that there is no way the plaintiffs' grievance could ever mature into justiciable claims."). However, here, Mr. St. Angelo has already had the opportunity to amend his Complaint after being put on

---

[1] Because the Court has found that Mr. St. Angelo lacks standing, it need not and will not consider Defendants' other arguments set forth in their Motions to Dismiss.

14

notice of the issues regarding Article III standing, and his Amended Complaint fares no better and fails to demonstrate that he has standing to bring this lawsuit. Therefore, Mr. St. Angelo's Amended Complaint is **DISMISSED WITH PREJUDICE**.

## IV.
### CONCLUSION

Based on the foregoing, the Court makes the following rulings:

1. Mr. St. Angelo's Motion to Dismiss Counts #8-10 of his Complaint, [18], is **DENIED AS MOOT**;

2. The State's Motion to Dismiss, [15], is **DENIED AS MOOT**, because the State filed a supplemental Motion to Dismiss, [Filing No. 47];

3. The State's Supplemental Motion to Dismiss, [47], is **GRANTED**;

4. The Government's Motion to Dismiss, [33], is **GRANTED**;

5. Mr. Mears and Mr. Smosna's Motion to Dismiss, [65], is **GRANTED**;

6. Sheriff Forestal and Chief Roach's Motion to Dismiss, [71], is **GRANTED**; and,

7. Mr. St. Angelo's Amended Complaint, [37], is **DISMISSED WITH PREJUDICE**.

Final judgment shall issue accordingly.

Date: 2/24/2020

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Kurt St. Angelo
1304 N. Gladstone Avenue
Indianapolis, IN 46201

15