UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KURT ST. ANGELO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:19-cv-2754-JMS-DLP |
| | ) | |
| WILLIAM P. BARR, CURTIS T. HILL, JR., | ) | |
| MARK SMOSNA, RYAN MEARS, | ) | |
| BRYAN K. ROACH, and | ) | |
| KERRY J. FORESTALL, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

On July 5, 2019, *pro se* Plaintiff Kurt St. Angelo filed a Complaint against the United States of America (the "Government") and the State of Indiana (the "State"), challenging the validity of various state and federal statutes related to the regulation of controlled substances.  All of the Defendants in this case moved to dismiss Mr. St. Angelo's claims, and on February 24, 2020, the Court granted Defendants' motions, dismissed Mr. St. Angelo's claims with prejudice, and entered final judgment.  [Filing No. 76; Filing No. 77].  On March 10, 2020, Mr. St. Angelo filed a Motion to Alter or Amend Judgment, [Filing No. 78], which is ripe for the Court's review.

**I.**
**STANDARD OF REVIEW**

A "district court possesses the power . . . to alter or amend a judgment after its entry." Fed. R. Civ. P. 59(e) 1946 advisory committee notes (1946)3.  Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Childress v. Walker*, 787 F.3d 433, 442 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)).  Rule 59 motions are for the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing]

newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation and quotation omitted).  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedtrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).  A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment," *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)), nor may a party use Rule 59(e) to "rehash previously rejected arguments," *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (internal quotation omitted).

## II.
### BACKGROUND

Mr. St. Angelo originally filed a Complaint against the Government and the State.  [Filing No. 1.]  The State responded to the Complaint by filing a Motion to Dismiss for lack of jurisdiction and for failure to state a claim on August 23, 2019.  [Filing No. 15.]  In response, Mr. St. Angelo filed a Motion to Dismiss Counts #8-10 of his Complaint, [Filing No. 18], and a Motion to Join the Indiana Attorney General and the United States Attorney General as defendants, [Filing No. 20].  Mr. St. Angelo later filed a Motion to Amend his Complaint, [Filing No. 30], and a Motion to Join Four Additional Defendants: Bryan Mears (Marion County Prosecutor), Kerry J. Forestal (Marion County Sheriff), Bryan K. Roach (Indianapolis Metropolitan Police Department Chief), and Mark Smosna (President of the Indiana Board of Pharmacy), in their official capacities, [Filing No. 32].  On October 24, 2019, the Government filed a Motion to Dismiss for lack of jurisdiction and for failure to state a claim.  [Filing No. 33.]  The Court granted Mr. St. Angelo's Motion to

Amend his Complaint, [Filing No. 37], and denied as moot his Motion to Add Four Additional

Defendants, [Filing No. 38].   Ultimately, Mr. St. Angelo's Amended Complaint asserted claims

against the following Defendants: William P. Barr, Curtis T. Hill, Jr., Mark Smosna, Ryan Mears,

Ryan K. Roach, and Kerry J. Forestal.  [Filing No. 37 at 1.]

In his Amended Complaint, Mr. St. Angelo challenged various statutes that regulate

controlled substances.   [Filing No. 37 at 1-2.]  It was his position that those state and federal

statutes are invalid, and he asserted the following claims:

- Count #1 – Indiana's Delegated Arrest Authority Over Controlled Substances is Unconstitutional;

- Count #2 – Indiana's Penalty Statutes at I.C. § 35-48-Chapter 4 Are Ineffectual, Unenforceable, and False;

- Count #3 – Indiana's Penalty Statutes at I.C. § 35-48-Chapter 4 Are Unconstitutional;

- Count #4 – U.S. Drug Prohibitions Are Inapplicable in Indiana and Are Applicable Only in the Federal Areas;

- Count #5 – Plaintiff Has a Natural Right in Indiana to Cultivate Marijuana for His Own Use;

- Count #6 – Plaintiff Has a Legal Right to Possess Drugs in the Federal Areas, Including on Ships and Aircraft; and,

- Count #7 – The Judicial Use Within Indiana of the Police Power of Prohibition Against Drug Possession and Interstate Drug Commerce Deprives Plaintiff and Other U.S. Citizens of Their Natural Right to a Republican Form of Government.

[Filing No. 37 at 1-2.]

Mr. St. Angelo asserted that the cited statutes are unconstitutional when read in conjunction

with each other because: (1) they delegate arrest authority "over subject matter that is not criminal

and that is not subject to arrest," [Filing No. 37 at 9]; (2) "only *malum in se* behavior constitutes a

crime or criminal case within Indiana under the U.S. and Indiana constitutions," [Filing No. 37 at

10]; (3) people have a "natural right" to possess controlled substances, [Filing No. 37 at 10]; and (4) dealing controlled substances without Indiana or U.S. administrative permissions is a regulatory violation, not a criminal matter that makes a person subject to arrest, [Filing No. 37 at 10]. Mr. St. Angelo alleged that end users of controlled substances—whom he called "ultimate users"—"may 'lawfully possess' these drugs for their own use and use of their households." [Filing No. 37 at 11.] He also asserted that dealing drugs is an activity that is "subject to the police power of regulation, and is not subject to arrest under the police power of prohibition." [Filing No. 37 at 11-12.] Mr. St. Angelo argued that drug dealers have rights to administrative due process. [Filing No. 37 at 13.] Mr. St. Angelo contended that "all persons who manufacture, distribute or dispense controlled substances within Indiana are regulated by the Drug Enforcement Administration and the Indiana Board of Pharmacy." [Filing No. 37 at 24.] In his Amended Complaint, he sought declaratory and injunctive relief, [Filing No. 37 at 1], including the "release from custody [of] all people incarcerated as the result of these unconstitutional provisions or unlawful enforcement" and "the expunging of the pertinent arrest and criminal records of victims of false arrest." [Filing No. 37 at 20.]

All of the Defendants filed motions to dismiss Mr. St. Angelo's claims, which were granted by the Court on February 24, 2020. [Filing No. 76.]

In its Order granting Defendants' motions to dismiss, the Court first considered whether it had jurisdiction to address the merits of Mr. St. Angelo's claims, and it addressed the threshold jurisdictional question of whether he had standing to sue. [Filing No. 76 at 11.] The Court concluded that Mr. St. Angelo did not have standing because he did not make "any allegations regarding: (1) how he has been actually injured by the statute[s]; (2) how the injury can be fairly traced to the conduct of the Defendants; or (3) that the injury is likely to be redressed by a favorable

decision from this Court." [Filing No. 76 at 13 (citing *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016).] The Court determined that Mr. St. Angelo's alleged injuries were hypothetical and, therefore, could not form the basis for Article III standing. [Filing No. 76 at 13.] In ruling that Mr. St. Angelo lacked standing, the Court also noted that "arrest and prosecution for drug crimes are not 'invasion[s] of a legally protected interest.'" [Filing No. 76 at 13 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (citing *Steffel v. Thompson*, 415 U.S. 452, 455 (1974) and *Gonzales v. Raich*, 545 U.S. 1, 14 (2005) (where the Supreme Court acknowledged that "the manufacture, distribution, or possession of marijuana [is] a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study")).] The Court explained that although dismissal of a complaint for lack of standing is usually without prejudice, *Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011), the dismissal of Mr. St. Angelo's claims would be with prejudice because he had already had the opportunity to amend his Complaint after being put on notice of the issues regarding Article III standing, and his Amended Complaint did not demonstrate that he had standing to bring his lawsuit. [Filing No. 76 at 14-15.]

## III.
### DISCUSSION

In his Motion to Alter or Amend Judgment, Mr. St. Angelo asks the Court to vacate its dismissal with prejudice and instead enter a dismissal without prejudice. [Filing No. 79 at 1.] He alleges, again, that 21 U.S.C. § 822(c) provides a constitutional right for private citizens as "ultimate users" to "lawfully possess" controlled substances, and that his arguments in support of this position were not rebutted by Defendants and were not mentioned by the Court in its February 24, 2020 Order. [Filing No. 79 at 1-2.] Mr. St. Angelo argues that the Court's Order did not address the merits of his claims—specifically, "the existence of 21 U.S.C. § 822(c) and [his]

arguments about separations of power in the republican form of government." [Filing No. 79 at 2.] He then reiterates his arguments set forth in his briefs opposing Defendants' motions to dismiss. [Filing No. 2-13.] Mr. St. Angelo concludes his brief by stating, "[b]ecause this Court has not addressed the merits of Plaintiff's constitutional claims, and because its Order does not discuss or mention the U.S. statutes or constitutional provisions upon which Plaintiff relies, such as 21 U.S.C. § 822(c) and U.S. Const. amend. XIII, then Plaintiff prays that this Court will vacate its dismissal with prejudice, and to instead enter a dismissal without prejudice to Plaintiff's future assertion of his yet unexamined an unadjudicated constitutional rights." [Filing No. 79 at 13.]

In its response, the Government asserts that Mr. St. Angelo's Rule 59(e) motion fails because he "does not identify any newly discovered evidence relevant to this suit," and he "cannot show that this Court's decision was a manifest error of law." [Filing No. 80 at 3.] The Government contends that the Court correctly pointed out that the Supreme Court acknowledged that the possession of marijuana is a criminal offense, and Mr. St. Angelo has not shown that this Court "overlooked binding precedent or otherwise committed legal error by not engaging in his other rambling theories. . . ." [Filing No. 80 at 3.] The Government maintains that the Court properly dismissed the lawsuit with prejudice because Mr. St. Angelo has had ample opportunity to attempt to plead viable claims. [Filing No. 80 at 4.]

In their response, Chief Roach and Sheriff Forestal argue that Mr. St. Angelo's motion merely "rehashes rejected arguments and faults the Court for ruling on the Defendants' motions without addressing his tangents," rather than establishing that the Court committed a manifest error of law or fact or that newly discovered evidence precluded the entry of judgment in this case. [Filing No. 81 at 1.] Chief Roach and Sheriff Forestal contend that the Court correctly determined that Mr. St. Angelo lacked standing and, therefore, the Court did not have jurisdiction. [Filing No.

81 at 1-2.] They cite several cases supporting dismissal with prejudice when a suit is frivolous or is otherwise intended to harass, and they argue that Mr. St. Angelo's motion demonstrates that any attempts to amend his complaint will be futile. [Filing No. 81 at 2.]

Mr. Hill, Mr. Smosna, and Mr. Mears also oppose Mr. St. Angelo's motion and argue that the Court's dismissal with prejudice was proper because he "has failed to establish standing in two different complaints and against eight different defendants." [Filing No. 82 at 3.] They also note that Mr. St. Angelo has not demonstrated that his claims could survive in any other forum. [Filing No. 82 at 3.]

Mr. St. Angelo did not file a reply brief.

The crux of Mr. St. Angelo's motion is that the dismissal with prejudice should be vacated because the Court did not address the merits of his constitutional claims nor mention the federal statutes or constitutional provisions upon which he relies. However, as the Court explained in its Order, it cannot address the merits of a case if the plaintiff lacks standing, as standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." [See Filing No. 76 at 11 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).] Finding that Mr. St. Angelo lacked standing because he has not suffered an injury in fact, *see Spokeo*, 136 S. Ct. at 1547, the Court did not delve into considering Mr. St. Angelo's arguments about the republican form of government and the application of federal and state statutes. The Court's dismissal with prejudice followed precedent and was proper because Mr. St. Angelo had the opportunity to rectify his lack of standing, but he failed to do so, and any further attempt to do so would be futile. *See Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011) (noting a complaint may be dismissed with prejudice for lack of standing where "it appears beyond a doubt that there is no way the plaintiff's grievance could ever mature into justiciable claims"); *see also Georgakis v. Ill. State Univ.*, 722

F.3d 1075, 1078 (7th Cir. 2013) ("[A] suit that either is frivolous or, though it is outside the court's

jurisdiction for some other reason, intended to harass, can justifiably be dismissed with prejudice

to avoid burdening the court system with a future suit that should not be brought—anywhere.").

In his Motion to Amend or Alter the Judgment, Mr. St. Angelo has not demonstrated that the Court

committed a manifest error of law or fact, nor has he presented newly discovered evidence

requiring reconsideration.  Having found that Mr. St. Angelo has not presented any grounds under

Rule 59(e) to set aside or vacate the Court's entry of final judgment, [Filing No. 77], the Court

**DENIES** Mr. St. Angelo's Motion to Alter or Amend Judgment, [Filing No. 78].

IV.
CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. St. Angelo's Motion to Alter or Amend

Judgment, [78].

The Court notes that arguments that it has already considered and rejected "should be

directed to the court of appeals." *United States v. ITT Educ. Servs.*, 2012 WL 266943, at *8 (S.D.

Ind. Jan 30, 2012).  Mr. St. Angelo has exhausted his avenues for relief in this Court, and any

future filings that challenge the decisions in this action should be directed to the Court of

Appeals.

Date: 6/26/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Kurt St. Angelo
1304 N. Gladstone Avenue
Indianapolis, IN 46201